AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Wyoming

| | | |
|---|---|---|
| United States of America | ) | FILED<br>DISTRICT OF WYOMING |
| v. | ) | |
| Baldomero GUEVARA Juarez | ) | Case No. SEP 3 0 2014 |
| | ) | U.S. MAGISTRATE JUDGE |
| | ) | 14mj65-S |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 27, 2014 _____ in the county of ~~in the county of~~ Yellowstone National Park ___ in the

_____ District of _____ Wyoming _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U. S. C. § 841(a)(1) | Baldomero GUEVARA Juarez did possess, with intent to distribute, approximately 120.3 grams of methamphetamine, a scheduled controlled substance in violation of law. |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Dan Kirschner, National Park Service (NPS)

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dan Kirschner, Special Agent, NPS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 09/30/2014 _____

_____
*Judge's signature*

City and state: _____ Mammoth Hot Springs, WY _____

Mark L. Carman, United States Magistrate Judge
*Printed name and title*



## AFFIDAVIT OF SPECIAL AGENT DAN KIRSCHNER

I, Dan Kirschner, being duly sworn, depose and state:

## BACKGROUND

1.      I am a Special Agent with the National Park Service ("NPS") and have been so employed for more than 13 years. I have twenty additional years of prior federal law enforcement experience, in the NPS, as a commissioned law enforcement park ranger. I am currently assigned to the NPS's Investigative Services Branch ("ISB") and stationed at Yellowstone National Park ("YNP"). My primary duty is to investigate and apprehend persons suspected of violating the criminal laws of the United States of America. I have received training in the area of controlled substance investigations and have provided training, to rangers, on how to conduct controlled substance investigations.

2.      During my tenure as an agent and ranger, I investigated numerous controlled substance criminal investigations involving the possession and delivery of controlled substances.

3.      I am currently conducting an investigation involving the arrest of Baldomero Guevera Juarez (GUEVARA) and Noemi Avila Alvarez (ALVAREZ) by Yellowstone National Park ("YNP") ranger Mark Wozniak. As set forth herein, there is probable cause to believe that GUEVARA and ALVAREZ unlawfully possessed controlled substances, to wit, approximately 120.3 grams of methamphetamine and with intent to deliver. GUEVARA also possessed a small amount of marijuana on his person.

4.      This affidavit is based upon information supplied by other law enforcement officers and by my personal investigation, training and experience. In submitting this affidavit, I have not included each and every fact known to me about the investigation. I have, instead, included those facts which are sufficient to establish the requisite

probable cause of the unlawful possession of controlled substances and possession with the intent to distribute the controlled substances.

### SUMMARY OF RELEVANT LAW

5.      Based on my training, experience, and discussions with the U. S. Attorney's Office, I have learned the following: YNP is an area of exclusive jurisdiction. As such, criminal and civil statutes found in Titles 18 and 21 of the United States Code (U.S.C.) apply within YNP.  Title 21 U.S.C. §§ 841 and 844 make it unlawful to possess and/or distribute certain controlled substances including methamphetamine and marijuana.

### FACTS AND CIRCUMSTANCES

#### A. ALVAREZ and GUEVARA - Arrest

6.      On Saturday, September 27, 2014, at approximately 10:58 p.m., federal law enforcement officer (U. S. Park Ranger) M. Wozniak was on duty and performing traffic enforcement operations on Highway 191 inside YNP.  On Highway 191, near the Mile Marker 24, Ranger Wozniak, observed ALVAREZ operating a Gray 2013 Chevrolet Malibu sedan motor vehicle bearing Idaho license plate 1A7E215 at a high rate of speed.  Wozniak estimated ALVAREZ was operating the vehicle at approximately 65 MPH in a 55 MPH zone.   Radar unit MPH Python, Serial Number PYT304000808, confirmed his visual estimate of the speed by measuring the velocity of the vehicle at 70 MPH.  Ranger Wozniak conducted a traffic stop on ALVAREZ and, besides ALVAREZ, he observed four more people inside the vehicle including two adults and two children.

7.      ALVAREZ advised she did not have a driver's license in her possession, but provided a name and operator's license number.  The computer return showed a no-extradition arrest warrant, out of the State of Washington, for ALVAREZ and a valid driver's license for ALVAREZ.

8.     Since the operator did not have a driver's license in possession, Ranger Wozniak attempted to find a licensed driver among the other two adults. The front seat passenger, GUEVARA, did not have a driver's license, but did possess identification indicating he is a citizen of Mexico. Ranger Wozniak had the Dispatch center contact U. S. Customs and Immigration to determine whether Customs wanted GUEVARA detained for investigation for possible deportation as an undocumented alien residing in the USA.

9.     While waiting to hear back from Customs, Wozniak investigated the circumstances of the Malibu and determined it was a rental vehicle. ALVAREZ, and none of the other adult occupants, were listed on the rental agreement/contract as authorized drivers.

10.     Wozniak observed and detected several deceptive behaviors being exhibited by ALVAREZ and GUEVARA. These behaviors included GUEVARA initially denying possession of identification, GUEVARA was unsure of who they were going to visit and had no previous relationship with the person to be visited, GUEVARA had a dry mouth and attempted to avoid eye contact while talking with Wozniak, ALVEREZ and GUEVARA were unable to establish their relationship, ALVAREZ was unable to explain the significance of the trip in order to justify the length of travel versus length of stay, ALVAREZ was unable to explain why the renter had rented the car for her beyond her not having her driver's license in her possession. Based on his observations, Wozniak formed the opinion other illegal activity was being conducted by ALVAREZ and/or GUEVARA and evidence of the unlawful activity was probably present inside the rental vehicle.

11.     Gallatin County Deputy Doug Lieurance, along with his trained and certified controlled substance detection K-9, Hondo, arrived on scene while waiting for a call-back from Customs. Upon being advised the K-9 was going to sniff around the vehicle for the presence of odors of controlled substances, GUEVARA retrieved a paper towel from his pants pocket and handed the towel to Deputy Lieurance. Inside the towel

Deputy Lieurance observed a small amount of marijuana which field tested as positive for containing THC.

12.    Upon Deputy Lieurance deploying Hondo on the exterior of the motor vehicle, Deputy Lieurance informed Ranger Wozniak that Hondo had alerted to the presence of the odor of a controlled substance.

13.    Upon Ranger Wozniak confronting ALVAREZ with this information, ALVAREZ stated, "do whatever you have to do." ALVAREZ became increasingly nervous with increased respirations, a tight grip on the steering wheel and long delays in answering simple questions and she would not make eye contact with Ranger Wozniak.

14.    During a search of the contents of the trunk of the Malibu, a black duffel bag was located.  ALVAREZ and GUEVARA both denied ownership or knowledge of whom the duffle bag belonged to.

15.    Inside the duffel bag Wozniak observed adult male clothing including shorts, shirts and work pants. GUEVARA was the only adult male inside the vehicle.

16.    Inside the duffle bag Wozniak observed a Sony Play-Station 3 video game console.   The Play-Station was held together with non-factory wood screws and appeared to have been recently taken apart.  Ranger Wozniak used a flashlight to look into the DVD loading slot on the front of the system and observed paper towel which was removed from the Play-station and found to contain two plastic bags which contained semi-opaque crystalline substance.  Wozniak and Deputy Lieurance believe this substance was methamphetamine and substance from one of the two bags filed tested positive for methamphetamine.   GUEVARA and ALVAREZ again denied ownership of the duffle bag.

17.    An art supply box was located in the trunk of the Malibu and inside the box Wozniak observed a blue and white glass pipe which contained suspected marijuana residue and the residue had the odor consistent with burnt marijuana.

18.    The two bags from the Play-Station were entered into evidence.  One bag contained methamphetamine weighing approximately 105 grams.   The other bag contained suspected methamphetamine weighing approximately 15.3 grams.

19.    While entering GUEVARA's wallet into evidence, a one dollar bill was found folded inside his wallet.  Upon unfolding this dollar bill, Wozniak observed a white crystalline substance.  This substance field tested positive as methamphetamine and weighed less than one gram.

20.    The Federal Sentencing Guidelines Handbook, 2013 edition, page 158, lists the typical per weight dosage for methamphetamine as approximately 5 grams per dose, thus GUEVARA and ALVAREZ possessed approximately 24 doses of methamphetamine.

21.    120.3 grams of methamphetamine has a street value of approximately $8,000.00 to $10,000.00.

22.    Upon physical arrest, Ranger Wozniak observed some marijuana flakes fall out of GUEVARA's front left pant pocket as his pocket was being "flagged" as part of the arrest procedure.


## CONCLUSIONS

23.    Based on the foregoing information, there is probable cause to believe that, on or about September 27, 2014:
   a. GUEVARA unlawfully possessed controlled substances including methamphetamine.
   b. GUEVARA unlawfully possessed controlled substances including marijuana.
   c. GUEVARA unlawfully possessed controlled substances including methamphetamine with the intent to distribute the methamphetamine.

    d. GUEVARA and ALVAREZ conspired together in the delivery of controlled substances including methamphetamine.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

## UNITED STATES MAGISTRATE JUDGE MARK L. CARMAN

### PENALTY SHEET

## UNITED STATES v. BALDOMERO J. GUEVARA

COUNT ONE : description: possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841

JAIL: minimum 5 years to maximum 40 years

FINE: Up to $5,000,000.00